[Cite as *State v. Aziz-Hakim*, 2014-Ohio-3006.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2014-P-0011** |
| ALI A. AZIZ-HAKIM, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Municipal Court, Ravenna Division, Case No. 2010 TRD 5187.

Judgment: Appeal dismissed.

*Victor V. Vigluicci,* Portage County Prosecutor, and *Pamela J. Holder,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Ali A. Aziz-Hakim,* pro se*,* P.O. Box 5600, Cleveland, OH 44101 (Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} Appellant, Ali A. Aziz-Hakim, pro se, filed a notice of appeal on April 10, 2014, from a judgment entry issued by the Portage County Municipal Court, Ravenna Division, on April 3, 2014, which denied appellant's motion to dismiss.

{¶2} Appellee, the state of Ohio, filed a motion to dismiss the appeal for lack of a final appealable order on April 15, 2014. No brief or response in opposition to the motion has been filed.

{¶1} Pursuant to R.C. 2953.02, a court of appeals only possesses jurisdiction to hear an appeal from a criminal case if the appeal is from a "judgment or final order."

{¶2} In addition, R.C. 2505.02(B) defines a final appealable order, in part, as the following:

{¶3} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶4} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶5} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶6} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶7} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶8} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶9} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action. ***"

{¶10} Furthermore, the Supreme Court of Ohio has stated that "in a criminal case there must be a sentence which constitutes a judgment or a final order which amounts 'to a disposition of the cause' before there is a basis for appeal." *State v. Chamberlain* (1964), 177 Ohio St. 104, 106-107.

{¶11} In the instant matter, the trial court has merely denied appellant's motion to dismiss his case. Since the case has not gone forward on the charges against appellant for speeding, no driver's license and having fictitious license plates, there is presently no judgment which could be the subject of an appeal. Therefore, there is no final appealable order, and this court lacks jurisdiction.

{¶12} Accordingly, appellee's motion to dismiss is granted, and this appeal is hereby dismissed for lack of a final appealable order.


TIMOTHY P. CANNON, P.J.,
DIANE V. GRENDELL, J.,
concur.